# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

ETHEL L. DEES                                                                         PLAINTIFF

v.                                                  CIVIL CASE NO. 4:19-CV-101-RP

COMMISSIONER OF SOCIAL SECURITY                        DEFENDANT

## **JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding an application for disability insurance benefits, a period of disability and supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law; and having heard oral argument; and for the reasons announced on the record at the conclusion of the parties' oral argument and for the reasons below, finds as follows:

The Commissioner's decision is not supported by substantial evidence because the ALJ failed to fully and fairly develop the record regarding the severity of the plaintiff's mental impairments and the extent of her associated functional limitations. Specifically, the ALJ abused his discretion in not granting the plaintiff's request for a mental consultative examination, because "specialized medical evidence we [the SSA] need is not available from your [the plaintiff's] treating or other medical sources." 20 C.F.R. § 404.1519a(b)(3). The plaintiff's testimony regarding her panic attacks and their effects (which would implicate significant time off task at work); the plaintiff's history of seeking medical attention from various providers for

unspecified chest pains; the plaintiff's history of treatment for anxiety and depression by her family physician, who believed her chest pains were likely driven by panic attacks; and the plaintiff's testimony that her treating physician planned to refer her for treatment by a mental health professional, together "raise a suspicion concerning such an impairment necessary to require the ALJ to order a consultative examination to discharge his duty of 'full inquiry.'" *Pearson v. Bowen,* 866 F.2d 809, 812 (5th Cir. 1989) (quoting *Jones v. Bowen,* 829 F.2d 524, 526 (5th Cir. 1987)).

The ALJ discounted the severity of the plaintiff's mental impairments because there was no evidence she received treatment, medication, or therapy from a mental health professional during the relevant time period. However, the plaintiff submitted to the Appeals Council post-hearing treatment records showing she began receiving specialized treatment for her depressive and anxiety disorders before the ALJ rendered his decision and therefore during the relevant time period. Those records document the plaintiff's report of frequent anxiety attacks causing a great deal of problems at home and in the community, and in addition to observing social functioning limitations, the clinical therapist observed functional limitations in instrumental living skills as well. The plaintiff has met her burden of establishing prejudice by showing that had the ALJ fully developed the record, additional evidence that might have altered the result could and would have been adduced. *See Kane v. Heckler,* 731 F.2d 1216, 1220 (5th Cir. 1984).

Therefore, the Commissioner's decision is reversed and this cause is remanded for a rehearing of the plaintiff's application pursuant to the fourth sentence of § 405(g).

SO ORDERED, this, the 26th day of March, 2020.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE